UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| YURIY TRIGER, OLEG FILIPOV, VASYL BZOVYY, LEONID YULMAN, EVGENY VOLODKO, YEVGENIY BELOUSOV, TEMUR DVALI, VIKTOR DOLISHNYY, VICTOR YUNGA, IGOR NEHAI, DAVIT AKOPYAN, OLEG TRIGER, VLADIMIR PUNYANSKIY, VLADIMIR ZAGORULKO, VLADIMIR STEFANOVICH, <br><br> Plaintiffs, <br><br> v. <br><br> OLYMPIC ELECTRICAL WIRING CORP., OPTIMAL ELECTRIC, INC., KOLTUNOV ENTERPRISES, LLC, YEVGENY KOLTUNOV, MIKHAIL KOLTUNOV, and OLEH PLAMM, <br><br> Defendants. | Civil Action No. 15 CV 3711 <br><br> **NOTICE OF REMOVAL** <br> (Removal from Supreme Court of New York, County of Kings, Index No. 506059/2015) <br><br><br><br> *Document Electronically Filed* |

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that Defendant Mikhail Koltunov hereby files this Notice of Removal of the above-captioned matter from the Supreme Court of the State of New York, County of Kings, Index No. 506059/2015, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, on the basis of the facts set forth below:

1.   On or about May 15, 2015, plaintiffs filed a Summons and Complaint alleging that the named defendants, including Defendant Mikhail Koltunov, violated the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq., and other applicable federal law. The matter was assigned Index No. 506059/2015. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

1

2. Defendant Mikhail Koltunov was served with a copy of the Summons and Complaint on Thursday, May 28, 2015.

3. Accordingly, this Notice of Removal is being filed within thirty (30) days of service of the Complaint upon Defendant Mikhail Koltunov as required by 28 U.S.C. §1446(b).

## FEDERAL QUESTION JURISDICTION

4. Pursuant to 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. According to the Complaint, "[p]laintiffs bring this action, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"). Plaintiffs seek unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law." (Complaint ¶1).

6. The Complaint alleges that the named defendants employed the plaintiffs as electricians, and that the plaintiffs worked regular hours and overtime hours for which they were not paid. (Complaint ¶¶18-41).

7. The Complaint further alleges that the named defendants, including Defendant Mikhail Koltunov, "failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a). (Complaint ¶48).

8. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, as well as "liquidated damages as provided by the FLSA for overtime violations." (Complaint ¶57).

9. Given the foregoing, plaintiffs' Complaint seeks relief under the Fair Labor Standards Act and other applicable federal law, and moreover, plaintiffs seek damages expressly provided for by the Fair Labor Standards Act and federal law.

10. Accordingly, given the presentation of a federal question by plaintiffs' Complaint, the United States District Court for the Eastern District of New York has original jurisdiction in this matter, pursuant to 28 U.S.C. §1331.

## REMOVAL REQUIREMENTS SATISFIED

11. This Notice of Removal is being filed within thirty (30) days after Defendant Mikhail Koltunov was served with a copy of the Summons and Complaint filed by plaintiffs in the Supreme Court of the State of New York, County of Kings.

12. Defendant Mikhail Koltunov has not filed a responsive pleading in the action commenced by plaintiff in the state court.

13. This Notice of Removal is being filed in the Eastern District of New York, which is the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

14. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal and Notice of Filing Notice of Removal will be provided to plaintiffs and filed, via that Court's Electronic Filing System with the Clerk of the Supreme Court of the State of New York, County of Kings.

15. By the filing this Notice of Removal, Defendant Mikhail Koltunov does not waive any defenses or rights that may be available to him.

16. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §§ 1446(a).

**WHEREFORE,** Defendant Mikhail Koltunov respectfully requests that this action be duly removed to this Court, and that it proceeds herein.

                                                        By: /s/Philip Raible
                                                            PHILIP RAIBLE, ESQ.   (PR 2880)
                                                            Rayner Rowe, LLP
                                                            600 Fifth Avenue, 10th Floor
                                                            New York, New York 10020
                                                           Phone: (212) 763-5068
                                                           Fax: 718-744-2302
                                                           phil@raynerrowe.com

DATED: June 25, 2015

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
YURIY TRIGER, OLEG FILIPOV, VASYL BZOVYY,
LEONID YULMAN, EVGENY VOLODKO,
YEVGENIY BELOUSOV, TEMUR DVALI, VIKTOR
DOLISHNYY, VICTOR YUNGA, IGOR NEHAI,
DAVIT AKOPYAN, OLEG TRIGER, VLADIMIR
PUNYANSKIY, VLADIMIR ZAGORULKO,
VLADIMIR STEFANOVICH,

      Plaintiffs,

   v.

OLYMPIC ELECTRICAL WIRING CORP., OPTIMAL
ELECTRIC, INC., KOLTUNOV ENTERPRISES, LLC,
YEVGENY KOLTUNOV, MIKHAIL KOLTUNOV, and
OLEH PLAMM,

      Defendants.
---------------------------------------------------------------X

Index No. 506059/2015

**SUMMONS**

Date Index No. Purchased:
May 17, 2015

To the above name Defendant(s)
OLYMPIC ELECTRICAL WIRING CORP.: 133 50th Street, Brooklyn, New York 11232
OPTIMAL ELECTRIC, INC.: 133 50th Street, Brooklyn, New York 11232
KOLTUNOV ENTERPRISES, LLC: 133 50th Street, Brooklyn, New York 11232
YEVGENY KOLTUNOV: 262 78th Street, Brooklyn, New York 11209
MIKHAIL KOLTUNOV: 24 Manhattan Court, Brooklyn, New York 11223
OLEH PLAMM: 8735 Bay Parkway, Unit # B36, Brooklyn, New York 11214

  You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

  The basis of venue is NY CPLR 503- Residency
Which is Defendants reside in Kings County

Dated: Brooklyn, NY
May 17, 2015

               NAYDENSKIY LAW GROUP, P.C.

               Gennadiy Naydenskiy
               2747 Coney Island Ave
               Brooklyn, NY 11235
               (718) 808-2224
               naydenskiylaw@gmail.com
               *Attorney for Plaintiffs*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
YURIY TRIGER, OLEG FILIPOV, VASYL BZOVYY, : Index No. 506059/2015
LEONID YULMAN, EVGENY VOLODKO, :
YEVGENIY BELOUSOV, TEMUR DVALI, VIKTOR : **COMPLAINT**
DOLISHNYY, VICTOR YUNGA, IGOR NEHAI, :
DAVIT AKOPYAN, OLEG TRIGER, VLADIMIR :
PUNYANSKIY, VLADIMIR ZAGORULKO, :
VLADIMIR STEFANOVICH, :
                Plaintiffs, :
            v. : **JURY TRIAL**
                       : **DEMANDED**
OLYMPIC ELECTRICAL WIRING CORP., OPTIMAL :
ELECTRIC, INC., KOLTUNOV ENTERPRISES, LLC, :
YEVGENY KOLTUNOV, MIKHAIL KOLTUNOV, and :
OLEH PLAMM, :
                Defendants. :
----------------------------------------------------------------X

Plaintiffs YURIY TRIGER, OLEG FILIPOV, VASYL BZOVYY, LEONID YULMAN, EVGENY VOLODKO, YEVGENIY BELOUSOV, TEMUR DVALI, VIKTOR DOLISHNYY, VICTOR YUNGA, IGOR NEHAI, DAVIT AKOPYAN, OLEG TRIGER, VLADIMIR PUNYANSKIY, VLADIMIR ZAGORULKO, and VLADIMIR STEFANOVICH ("Plaintiffs"), by and through their attorneys allege, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs also bring this action to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2.

Plaintiffs seek unpaid wages, unpaid overtime, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' claims because Defendant is incorporated under the laws of the State of New York.

4. Venue is proper in this Court pursuant to C.P.L.R. § 503 because Defendants do business in, and accordingly reside in Kings County. Venue is further proper within this District pursuant to C.P.L.R. § 503 because a substantial part of the events or omissions giving rise to the claims occurred within this county.

## PARTIES

5. Plaintiffs reside in New York State. At all relevant times, Defendants employed Plaintiffs as electricians.

6. Defendant OLYMPIC ELECTRICAL WIRING CORP. is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 133 50th Street, Brooklyn, New York 11232.

7. Defendant OPTIMAL ELECTRIC INC. is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 133 50th Street, Brooklyn, New York 11232.

8. Defendant KOLTUNOV ENTERPRISES, LLC is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 133 50th Street, Brooklyn, New York 11232.

9. Defendant MIKHAIL KOLTUNOV is the owner, chairman/chief executive officer, manager and/or operator of Defendant OLYMPIC ELECTRICAL WIRING CORP. Defendant MIKHAIL KOLTUNOV has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

10. Defendant MIKHAIL KOLTUNOV is the owner, chairman/chief executive officer, manager and/or operator of Defendant KOLTUNOV ENTERPRISES, LLC. Defendant MIKHAIL KOLTUNOV has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

11. Defendant YEVGENY KOLTUNOV is the owner, chairman/chief executive officer, manager and/or operator of the now bankrupt Evergreen Electric Corp, the successor to OLYMPIC ELECTRICAL WIRING CORP. and KOLTUNOV ENTERPRISES, LLC. Defendant YEVGENY KOLTUNOV has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

12. Defendant MIKHAIL KOLTUNOV is the owner, chairman/chief executive officer, manager and/or operator of the now bankrupt Evergreen Electric Corp, the successor to OLYMPIC ELECTRICAL WIRING CORP. and KOLTUNOV ENTERPRISES, LLC. Defendant MIKHAIL KOLTUNOV has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

13. Defendant OLEH PLAMM is the owner, chairman/chief executive officer, manager and/or operator of the now bankrupt Evergreen Electric Corp, the successor to OLYMPIC

ELECTRICAL WIRING CORP. and KOLTUNOV ENTERPRISES, LLC. Defendant OLEH PLAMM has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

14. Defendant OLEH PLAMM is the owner, chairman/chief executive officer, manager and/or operator of Defendant OPTIMAL ELECTRIC, INC., the successor corporation of the now bankrupt Evergreen Electric Corp. Defendant OLEH PLAMM has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

15. Defendants OLYMPIC ELECTRICAL WIRING CORP., KOLTUNOV ENTERPRISES, LLC, OPTIMAL ELECTRIC, INC., MIKHAIL KOLTUNOV, YEVGENY KOLTUNOV, and OLEH PLAMM are herein collectively referred to as "Defendants".

16. At all relevant times, Defendants has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants has employed "employee[s]", including the Plaintiffs.

## FACTUAL ALLEGATIONS

17. Defendants operate(d) a(n) electrical wiring and services corporation, serving private homes, building, and multiple government entities.
18. Defendants employed all the Plaintiffs as electricians.
19. Defendants employed Plaintiff YURIY TRIGER from on or about August 23, 2012 until on or about August 23, 2014.
20. Defendants employed Plaintiff OLEG TRIGER from in or around 2009 until in or about

February 2015.

21. Defendants employed Plaintiff OLEG FILIPOV from in or around 2013 until in or around February 2015.

22. Defendants employed Plaintiff VASYL BZOVYY from in or around January 2014 until in or around February 2015.

23. Defendants employed Plaintiff LEONID YULMAN from in or around 2004 until in or around February 2015.

24. Defendants employed Plaintiff EVGENY VOLODKO from in or around June 2004 until in or around February 2015.

25. Defendants employed Plaintiff YEVGENIY BELOUSOV from in or around October 28, 2014 until in or around February 2015.

26. Defendants employed Plaintiff TEMUR DVALI from in or around 2008 until in or around February 2015.

27. Defendants employed Plaintiff VIKTOR DOLISHNYY from in or around 2000 until in or around February 2015.

28. Defendants employed Plaintiff VICTOR YUNGA from in or around July 2004 until in or around February 2015.

29. Defendants employed Plaintiff IGOR NEHAI from in or around 2006 until in or around February 2015.

30. Defendants employed Plaintiff DAVIT AKOPYAN from in or around 2013 until in or about February 2015.

31. Defendants employed Plaintiff VLADIMIR PUNYANSKIY from in or around December 2012 until in or around February 2015.

32. Defendants employed Plaintiff VLADIMIR ZAGORULKO from in or around 2000 until

in or around February 2015

33. Defendants employed Plaintiff VLADIMIR STEFANOVICH from in or around March 2002 until in or around February 2015.

34. Throughout their employment with Defendants, Plaintiff regularly worked approximately forty (40) hours each week.

35. Defendants assigned several Plaintiffs to work on government funded projects. For example Plaintiffs VIKTOR DOLISHNYY and DAVIT AKOPYAN were assigned to work on the Ingersoll housing project.

36. During their employment on the government funded projects, Plaintiffs worked approximately 41.5 hours per work week.

37. When working on the government funded projects, Plaintiffs were only paid for 35 hours of work, regardless of how many hours were worked.

38. At all relevant times Defendants paid Plaintiffs between approximately $18 and approximately $22 per hour and approximately $40 an hour for the government funded projects.

39. At all relevant times, several times a year, Defendants did not pay Plaintiffs anything ($0) for their weekly hours of work of 40 or more work hours.

40. Defendants did not pay Plaintiffs wages for all hours worked.

41. Defendants failed to pay Plaintiffs at the rate of one and one half times their regular hourly wage for all hours worked in excess of forty in a workweek.

42. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs were not paid at all and not paid overtime premiums for all hours worked in excess of 40 hours in a week.

43. Upon information and belief, Defendants knew that the nonpayment and nonpayment of

overtime premiums would economically injure Plaintiffs, and that Defendants' pay practices violated the FLSA and the NYLL.

44. Defendants failed to keep accurate and sufficient time records as required by Federal and State laws.

45. Defendants failed to provide Plaintiffs with the notices required by NYLL §195(1).

46. Defendants violated NYLL § 195(3) by failing to furnish the Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

47. Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

48. At all relevant times, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. *§§* 207(a)(1) and 215(a).

49. Defendants' record keeping and notice violations prevented Plaintiff from knowing his legal rights and from figuring out exactly how many hours he was not compensated for.

50. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid all of his wages, including overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure the Plaintiff, and that they violated the FLSA and the NYLL.

51. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime - FLSA)

52. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

53. Throughout the statute of limitations period covered by these claims, Plaintiffs occasionally worked in excess of forty (40) hours per week.

54. Plaintiffs were entitled to be paid at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) each week.

55. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff the required overtime rates of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

56. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

57. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Wages and Overtime – NYLL)

58. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

59. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying or paying an overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

60. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff at the required overtime rates of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

61. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
### (Notice Violations - NYLL § 195(1))

62. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendants failed to provide Plaintiff with written notice of how his wages would be computed, as required by NYLL §195(1), after the Wage Theft Prevention Act went into effect on April 9, 2011.

64. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of the statutory penalty of $50 for each workweek up to a maximum of $2,500 that the violation continued to occur, pre and post-judgment interest, and reasonable attorneys' fees and costs, as provided by NYLL §198(1-b).

### FOURTH CLAIM FOR RELIEF
### (Wage Statement Violations - NYLL § 195(3))

65. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiffs with wage statements as required by NYLL §195(3).

67. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of statutory damages in amount of $100 for each pay period up to a maximum of $2,500 after the Wage Theft Prevention Act went into effect on April 9, 2011, pre-and post judgment interest, and reasonable attorneys' fees and costs, as provided by NYLL §198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

(a) An award of unpaid wages due under the NYLL;

(b) An award of unpaid overtime compensation due under the FLSA and the NYLL;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to the NYLL;

(e) Costs and expenses of this action, together with reasonable attorneys' fees;

(f) Pre-Judgment and post-judgment interest, as provided by law; and

(g) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues.

Dated: May 15, 2015                    Respectfully submitted,

                                       NAYDENSKIY LAW GROUP, P.C.

                                       _____
                                       Gennadiy Naydenskiy
                                       2747 Coney Island Ave

Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiffs*